**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EBERALDO ROJAS ROJAS,**<br>**Petitioner**<br><br>**v.**<br><br>**WARDEN, Pike County Correctional Facility; ANGELA KLAPAKIS, in her official capacity as Philadelphia Field Office Director for U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary for the United States Department of Homeland Security; TODD BLANCHE, in his official capacity as the Attorney General for the United States,**<br>**Defendant(s)** | : | **No. 3:26cv1828**<br><br>**(Judge Munley)** |

## MEMORANDUM ORDER

Before the court is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Eberaldo Rojas Rojas.[1] (Doc. 1). Rojas Rojas is a native and citizen of Guatemala who has been in the custody of Department of

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rojas Rojas filed the instant petition while detained at Pike County Correctional Facility which is in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process. He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") for approximately six weeks. For the reasons set forth below, the petition will be granted, and an order will be issued for Rojas Rojas's release.

Rojas Rojas is 30 years old. (Doc. 5-2, Resp. Ex. 1, I-213 Form). Per the petitioner, he entered the United States of America in 2016. (Doc. 1, ¶ 27). He was not apprehended by United States Border Patrol. He asserts that, over the last ten years, he has been diligently working to support his family. Id. ¶ 29. Internal Revenue Service issued him an individual taxpayer identification number in 2017. (Doc. 6-1). He has been issued a driver's license by the State of New York. (Doc. 5-2). Id. He has no known criminal history. Id.

According to Rojas Rojas, he lives in New York but owns or otherwise has an interest in two investment properties in Northeast Pennsylvania. (Doc. 1, ¶¶ 28–29). On June 28, 2026, he was apprehended by plainclothes ICE officers as he was leaving the Home Depot in Dickson City, Pennsylvania. Id. ¶¶ 2, 29.

According to DHS records, six of its officers were conducting enforcement operations in Lackawanna County on that date. (Doc. 5-2). Ostensibly, they were running license plate numbers and checking records near the Home Depot. Id. For reasons unknown, ICE officers targeted a white Honda Pilot with a New Jersey license plate. Id. Per the report, the registered owner was a Guatemalan national that had been removed from the United States in 2008, not the

petitioner.[2] Id. ICE officers report that two individuals entered the vehicle and departed the targeted location. Id. Shortly thereafter, officers conducted a traffic stop and took the driver and passenger into custody. From the redacted record, it may be discerned that Rojas Rojas was a passenger. Id. According to the ICE officers, Rojas Rojas did not comply with their commands and was non-cooperative during processing. Id.

Rojas Rojas has been placed in removal proceedings, charged with violating 8 U.S.C. § 1182(a)(6)(A))(i) and (a)(7)(A)(i)(I). According to the Executive Office of Immigration Review's website, the petitioner has a hearing before an immigration judge scheduled for August 19, 2026.

With his petition for writ of habeas corpus, Rojas Rojas argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing. Petitioner thus requests his immediate release from detention.

---

[2] In its response, the government has identified this individual as Dionicio Rojas Rojas. (Doc. 5 at 5). The petitioner's relationship to this individual has not been supplied by the parties.

On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention without the possibility of bond does not violate the INA or the Due Process Clause of the Fifth Amendment. Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[3] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 731-32 (6th Cir. 2026); Cirrus Rojas v. Olson, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); Rodriguez Vazquez v. Bostock, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30,

---

[3] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

2026); Santillan Quiroz v. Mullin, 180 F.4th 1226, 1239 (10th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).[4] Respondents indicate their awareness of these prior outcomes. (Doc. 5, Resp. Br. at 2-4) (collecting cases). The court thus reads the response as not contesting the facts of Rojas Rojas's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, Santillan Quiroz, Cirrus Rojas, Rodriguez Vazquez or its prior decisions.[5] Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention. According to the unrebutted

---

[4] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[5] Rojas Rojas is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after being paroled. Barbosa da Cunha, 175 F.4th at 96. Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

allegations, the petitioner entered the United States ten years ago without detection, has lived and worked in this country since that time, and has had no interactions with the criminal justice system or immigration authorities until his arrest after leaving the Home Depot.

Under Section 1226(a), a noncitizen in removal proceedings may be detained pending a decision on removal. 8 U.S.C. § 1226(a). However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised by Rojas Rojas's petition, it is undisputed in this case that he entered the United States illegally. People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013). That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Rojas Rojas has been in ICE custody for six weeks without being afforded an ability to demonstrate that he is worthy of release on bond. "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Rojas Rojas's continued imprisonment at Pike County Correctional Facility pursuant to a mandatory detention statute violates his constitutional rights.[6]

[6] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, the petition for writ of habeas corpus will be granted and Rojas Rojas will be released.

In response to the petition, the government has not provided any information indicating that Rojas Rojas is a danger to the community or a flight risk. According to the evidence supplied by the parties, the petitioner has no criminal record. There is also no evidence that he would be a flight risk if released. He was working to rehabilitate properties in Northeast Pennsylvania that he has an interest in and was apparently detained after purchasing supplies to further those efforts.

Based on the above evidence, only immediate release will remedy the due process violation in this case. The government will be temporarily enjoined from re-arresting Rojas Rojas for a period of seven days to ensure the effectiveness of the habeas remedy. The government may also not impose additional conditions

---

(D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372. As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

on Rojas Rojas's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to Rojas Rojas's detention.

Consequently, it is hereby **ORDERED** that:

1) Eberaldo Rojas Rojas's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;
2) Rojas Rojas's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;
3) The government shall **immediately** release Rojas Rojas from its custody;
4) On or before **August 14, 2026 at 12:00 noon**, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Rojas Rojas has been released;
5) The government shall release Rojas Rojas under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in

their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6) The government is temporarily enjoined from re-arresting Rojas Rojas for a period of 7 days to ensure that this habeas remedy is effective; and

7) The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

8/13/26.